

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LAMIS GOUDA, | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | No. 14-5456 |
| v. | : | |
| HARCUM JUNIOR COLLEGE; | : | |
| JOYCE WELLIVER; and JULIA | | |
| S. INGERSOLL, | | |
| Defendants. | : | |

June 4, 2015                                                            Anita B. Brody, J.

## MEMORANDUM

Plaintiff Lamis Gouda brings suit against Defendants Harcum Junior College ("Harcum"), Joyce Welliver, and Julia S. Ingersoll, alleging a variety of claims arising out of Gouda's dismissal from Harcum's Nursing Program.[1] Gouda claims that Defendants did not follow Harcum's disciplinary rules or internal grievance procedures when dismissing her. Defendants move to dismiss all but one of Gouda's claims.[2] For the reasons discussed below, I will grant the motion in part and deny it in part.

---

[1] This Court has subject matter jurisdiction under 28 U.S.C. § 1331.
[2] In Count V, Gouda alleges violations of Section 504 of the Rehabilitation Act of 1973. Am. Compl. ¶¶ 65-68, ECF No. 7. Defendants do not move to dismiss this claim.

1

## I. BACKGROUND[3]

In the summer of 2011, Plaintiff Lamis Gouda enrolled in the two-year Nursing Program at Defendant Harcum Junior College. Gouda successfully completed the first three semesters of Harcum's program, maintaining approximately a 3.0 grade point average. Am. Compl. ¶ 9, ECF No. 7. Gouda had to complete two courses in her final semester in order to graduate.

In August 2013, Gouda arrived at Harcum for the first day of classes in her final semester, only to learn that Harcum had changed the format of its semester. Instead of concurrently taking two classes over a fifteen week period, students would complete two consecutive intensive classes lasting for eight and seven weeks. *Id.* ¶ 12. Gouda has Attention Deficit Disorder and claims that this change in format negatively impacted her ability to complete Harcum's program. *Id.* ¶ 15. On October 15, 2013, Gouda failed the final exam for Nursing Care of the Adults II ("NUR214"), the first of her two intensive classes in her final semester. *Id.* ¶¶ 10, 13-14. Gouda claims that at least a quarter of her class also failed NUR214. *Id.* ¶ 14.

Immediately after learning that she had failed her class, Gouda had a meeting with Defendant Joyce Welliver, a Harcum administrator, to address Gouda's graduation status and grievances regarding the change in semester format. At the meeting, Welliver informed Gouda of Harcum's internal grievance procedures, and recommended that Gouda relay these procedures to any of her classmates that had also failed NUR214. *Id.* ¶¶ 16-17. After the meeting, Gouda initiated the first step of the grievance process.

---

[3] In deciding a motion to dismiss under Rule 12(b)(6), a court must "accept all factual allegations in the complaint as true and view them in the light most favorable to the plaintiff." *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006). This "assumption of truth" is "inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).

2

Gouda also responded by investigating Harcum's compliance with the standards of the Accreditation Commission for Education in Nursing ("ACEN"). After speaking to an ACEN representative, Gouda determined that Harcum's revised class schedule was not in compliance with its ACEN accreditation. *Id.* ¶ 18. Gouda filed both filed a formal complaint with ACEN and notified the other nursing students in the program that Harcum was not in compliance with its accreditation. Gouda encouraged the other students to contact ACEN with similar complaints. *Id.* ¶¶ 18-19; *see also id.* Ex. B., ECF No. 7-1.

On October 27, 2013, in response to Gouda's communications with the Harcum student body, Welliver emailed Gouda. Welliver informed Gouda that Gouda's complaint to ACEN and her attempts to get other students to do the same violated Harcum's internal grievance procedures. Am. Compl. ¶ 21. Welliver scheduled a meeting for later that day between Gouda, Welliver, and Defendant Julia Ingersoll, Harcum's in-house counsel and a member of its Board of Directors. Gouda responded that she was unavailable to meet at that time. *Id.* ¶ 22. Welliver informed Gouda that a meeting "[was] not optional," and instructed Gouda to meet with Welliver and Ingersoll on October 29, 2013, at 5:15 p.m. *Id.* ¶ 23 (internal quotation marks omitted). Gouda responded that she was unavailable because she had class, and informed Welliver that Gouda would not be attending any meetings without legal representation. *Id.* ¶ 24. In response, Ingersoll forbade Gouda from attending classes or labs until the disciplinary meeting had occurred. *Id.* ¶ 26.

Notwithstanding Ingersoll's message, Gouda proceeded to attend class on October 30, 2013. Gouda's instructors informed her that she was not authorized to remain in class. When Gouda refused to leave, the instructors called campus security. *Id.* ¶ 28. Gouda left the premises

after campus security agreed to provide a statement indicating that Gouda had cooperated, and that she had been denied attendance to a course for which she had paid. *Id.* ¶ 29.

On November 1, 2013, Welliver dismissed Gouda from Harcum's Nursing Program. Gouda's dismissal letter cited her "lack of behavior as a responsible, accountable adult learner[,] . . . failure to demonstrate professional behavior, and refusal to cooperate with campus security on [October 30, 2013,]" as reasons for her dismissal. Am. Compl. Ex. M, ECF No. 7-1. Gouda appealed her dismissal through Harcum's internal grievance procedures. Am. Compl. ¶ 35. Ingersoll ultimately heard Gouda's appeal, and denied Gouda's request. Given Ingersoll's prior involvement with the case, Gouda requested that someone else consider her appeal, but her request was denied. *Id.*

Gouda brings a variety of claims against Harcum, Welliver, and Ingersoll. Against all three Defendants, Gouda alleges breach of contract, promissory estoppel, violation of Section 504 of the Rehabilitation Act of 1973, negligent infliction of emotional distress, and intentional infliction of emotional distress. Against Harcum only, Gouda alleges violation of Pennsylvania's Unfair Trade Practices and Consumer Protection Law. Against Ingersoll only, Gouda alleges violation of the Pennsylvania Rules of Professional Conduct. Defendants move to dismiss all claims except for Count V, violation of the Rehabilitation Act.

## II. LEGAL STANDARD

A motion to dismiss should be granted under Rule 12(b)(6) if the plaintiff "under any reasonable reading of the complaint . . . may be entitled to relief." *Kerchner v. Obama*, 612 F.3d 204, 207 (3d Cir. 2010) (internal quotation marks omitted). The complaint must allege facts sufficient to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Threadbare recitals of the elements of a cause of action, supported by

mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Rather, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* (internal quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

A federal court sitting in diversity is required to apply the substantive law of the state whose law governs the action. *See Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938). The parties agree that Pennsylvania law governs all state law claims. "When [a federal court] ascertain[s] Pennsylvania law, the decisions of the Pennsylvania Supreme Court are the authoritative source." *Spence v. ESAB Grp., Inc.*, 623 F.3d 212, 216 (3d Cir. 2010). In the absence of a controlling decision by the Pennsylvania Supreme Court, a federal court "must predict how it would rule if faced with the issue." *Id.*

### III. DISCUSSION

Gouda's complaint alleges breach of contract against Harcum, Welliver, and Ingersoll, violation of Pennsylvania's Unfair Trade Practices and Consumer Protection Law against Harcum, promissory estoppel against Harcum, Welliver, and Ingersoll, violation of the Pennsylvania Rules of Professional Conduct against Ingersoll, violation of Section 504 of the Rehabilitation Act of 1973 against Harcum, Welliver, and Ingersoll, negligent infliction of emotional distress against Harcum, Welliver, and Ingersoll, and intentional infliction of emotional distress against Harcum, Welliver, and Ingersoll. Defendants move to dismiss all but the Rehabilitation Act claims. The breach of contract claims against Welliver and Ingersoll, and the violation of the Pennsylvania Rules of Professional Conduct claim against Ingersoll, will be dismissed. The negligent infliction of emotional distress claims and the intentional infliction of

5

emotional distress claims against all Defendants will also be dismissed. The remaining claims are adequately pled.

### a. Breach of Contract Claims Against Welliver and Ingersoll

Gouda alleges a breach of contract claim against Welliver and Ingersoll, the two Harcum administrators involved in Gouda's dismissal. Gouda's breach of contract claim stems from Defendants' failure to follow their alleged internal disciplinary and grievance procedures. Gouda claims that her dismissal lacked the authorization of Harcum's President, which is allegedly required. Am. Compl. ¶ 41. She also claims that Harcum failed to follow its own procedures regarding "the issuance of an Academic Warning." *Id.* ¶ 7. She further claims that Defendants, specifically Ingersoll, failed to follow Harcum's appeals process in upholding Gouda's dismissal. *Id* ¶¶ 7, 35, 41. Finally, Gouda claims that by dismissing her Defendants failed to apply Harcum's Nondiscrimination Policies. *Id.* ¶ 7. Gouda asserts her breach of contract claim against Welliver and Ingersoll because the two administered these procedures on behalf of Harcum. *See* Mem. of Law in Opp'n to Mot. to Dismiss at 11, ECF No. 12-1.

Welliver and Ingersoll argue that this claim should be dismissed because there was no contract between Gouda and Welliver or Ingersoll in Welliver or Ingersoll's individual capacity. *See* Mem. of Law in Supp. of Mot. to Dismiss at 6-7, ECF No. 8-2. Instead, the complaint alleges that Welliver and Ingersoll were "[a]t all pertinent and material times . . . employees[]. . . and/or agents of Defendant[] Harcum College." Am. Compl. ¶ 5.

The breach of contract claim against Welliver and Ingersoll will be dismissed because Gouda has insufficiently alleged a contractual relationship between Gouda and Welliver or Ingersoll. As Gouda concedes, at all times Welliver and Ingersoll acted as Harcum's agents, educators, and disciplinarians. Gouda participated in the Nursing Program pursuant to an

6

enrollment agreement she signed with Harcum. There are no allegations in the complaint that Welliver and Ingersoll signed an individualized agreement with Gouda to provide educational services or adhere to Harcum's disciplinary rules separate from their obligation to do so as agents of Harcum.

In response, Gouda claims that Welliver and Ingersoll's "employment and/or agency relationship with Defendant Harcum" meant that the two "entered into a contract with [Gouda]." *Id.* ¶ 5. This is a legal conclusion, and it is belied by the other facts in the complaint. Even if true, however, "[a]n individual employee . . . is not liable for the breach of contract by the corporation that employs [her]. Where a party contracts with a corporation through a corporate agent who acts within the scope of [her] authority and reveals [her] principal, the corporate principal alone is liable for breach of the contract." *Alpha Floors, Inc. v. Universal Furniture Indus., N.V.*, No. 92-6279, 1993 WL 44272, at *8 (E.D. Pa. Feb. 19, 1993) (internal quotation marks omitted).

For this reason, I will dismiss Gouda's breach of contract claims against Welliver and Ingersoll.

### b. Pennsylvania Rules of Professional Conduct Claim Against Ingersoll

Gouda alleges that Ingersoll is liable in tort because she performed her duties with a conflict of interest, in violation of Pennsylvania Rule of Professional Conduct 1.7. *See* 204 Pa. Code § 81.4 (Rule 1.7). Specifically, Gouda alleges that Ingersoll was Harcum's "in-house legal counsel, while at the same time, being a member of the Board of Directors."[4] Am. Compl. ¶ 63. This allegedly created a conflict of interest because Ingersoll was the one who ultimately considered and denied Gouda's appeal even though she was simultaneously representing Harcum

---

[4] Earlier in the complaint, Gouda also alleges that Ingersoll is the Vice-President of Academic Affairs and Legal Affairs at Harcum. Am. Compl. ¶ 4.

7

as legal counsel. *Id.* ¶ 35, 63. Gouda implies that simultaneously holding these two positions meant that Ingersoll was incapable of being objective while considering Gouda's appeal.

Gouda's claim fails as a matter of law because Pennsylvania provides no private cause of action for violations of its disciplinary rules. The Pennsylvania Rules of Professional Conduct state that "[v]iolation of a Rule should not itself give rise to a cause of action against a lawyer . . . . [The Rules] are not designed to be a basis for civil liability." 204 Pa. Code § 81.2. "[N]othing in the Rules should be deemed to augment any substantive legal duty of lawyers or the extra disciplinary consequences of violating such a duty." *Id.*

I will dismiss the claim of violation of the Pennsylvania Rules of Professional Conduct against Ingersoll.

### c. Negligent Infliction of Emotional Distress Against Claims all Defendants

Gouda alleges negligent infliction of emotional distress against all Defendants. Gouda claims Defendants distressed her "physically and emotionally" by "wrongly dismissing [her] from Harcum's Nursing Program and breaching her contract." Am. Compl. ¶ 70.

Defendants respond that the gist of the action doctrine forecloses Gouda's negligent infliction of emotional distress claims. The gist of the action doctrine prevents plaintiffs from recasting ordinary breach of contract claims as tort claims.[5] *See Hart v. Arnold*, 884 A.2d 316, 339 (Pa. Super. Ct. 2005). "[T]he important difference between contract and tort actions is that the latter lie from the breach of duties imposed as a matter of social policy while the former lie for the breach of duties imposed by mutual consensus." *Redevelopment Auth. v. Int'l Ins. Co.*,

---

[5] Although the gist of the action doctrine has not been formally recognized by the Pennsylvania Supreme Court, the Superior Court has noted that the Pennsylvania Supreme Court is "clearly aware of the frequent use of this doctrine by both the lower and federal courts of [Pennsylvania], but has declined at least three opportunities to put an end to its use." *Reardon v. Allegheny Coll.*, 926 A.2d 477, 486 (Pa. Super. Ct. 2007).

8

685 A.2d 581, 590 (Pa. Super. Ct. 1996). The gist of the action is contractual if "the parties' obligations are defined by the terms of the contracts, and not by the larger social policies embodied in the law of torts." *Bohler-Uddeholm Am., Inc. v. Ellwood Grp., Inc.*, 247 F.3d 79, 104 (3d Cir. 2001) (internal quotation marks omitted).

Gouda's claims stem from duties imposed by mutual consensus. The basis of Gouda's negligent infliction of emotional distress claims is that Defendants "wrongly dismiss[ed] [her] from Harcum's Nursing Program and breach[ed] her contract with them." Am Compl. ¶ 70. Gouda claims that her dismissal was wrongful because Defendants failed to follow Harcum's internal grievance and disciplinary procedures. Gouda's right to complain of violations of Harcum's internal grievance and disciplinary procedures stems from her contractual relationship with Harcum. *See Swartley v. Hoffner*, 734 A.2d 915, 919 (Pa. Super. Ct. 1999) (holding that "the relationship between a private educational institution and an enrolled student is contractual in nature"). The contractual terms of Harcum's internal grievance and disciplinary procedures, not duties derived from social policy, determine whether Gouda will be able to recover for negligent infliction of emotional distress.

I will dismiss the negligent infliction of emotional distress claims against all Defendants.

### d. Intentional Infliction of Emotional Distress Claims Against all Defendants

Gouda alleges intentional infliction of emotional distress against all Defendants. Gouda claims that Defendants "intentionally violated their own polic[ies] and procedures" with the aim of "wrongly dismissing [her] from Harcum's Nursing Program." Am. Compl. ¶¶ 75-76. As in her breach of contract claim, Gouda claims that Defendants violated their Nondiscrimination Policies, policies relating to the issuance of Academic Warnings, and policies governing Harcum's internal appeals process. *Id.* ¶¶ 35, 75. Gouda also claims that Defendants

9

"attempt[ed] to force [her] into a meeting without legal representation." *Id.* ¶ 26. Finally, Gouda claims she suffered emotional distress when a Harcum clinical instructor called campus security to escort Gouda from the campus grounds after Ingersoll had already warned Gouda that she was not permitted to attend classes. *Id.* ¶¶ 26, 28-29, 75.

A claim for intentional infliction of emotional distress under Pennsylvania law requires Gouda to allege "that defendants' conduct was (1) extreme and outrageous; (2) intentional or reckless; and (3) caused severe emotional distress." *Stokley v. Bristol Borough Sch. Dist.*, No. 13-3277, 2013 WL 4787297, at *2 (E.D. Pa. Sept. 9, 2013) (internal quotation marks omitted). Extreme and outrageous conduct "does not extend to mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities." *Hunger v. Grand Cent. Sanitation*, 670 A.2d 173, 177 (Pa. Super. Ct. 1996). "Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized society." *Strickland v. Univ. of Scranton*, 700 A.2d 979, 987 (Pa. Super. Ct. 1997) (emphasis omitted). A court must determine, as a matter of law, whether the conduct alleged is sufficiently outrageous to permit recovery. *Andrews v. City of Philadelphia*, 895 F.2d 1469, 1487 (3d Cir. 1990).

Gouda has failed to allege sufficiently outrageous conduct to state a claim for intentional infliction of emotional distress. Even if Defendants had violated Harcum's policies regarding nondiscrimination, appeals, and Academic Warnings with the sole purpose of dismissing Gouda from the Nursing Program, the conduct Gouda alleges is insufficiently severe and egregious to state a cause of action. *See Hoy v. Angelone*, 720 A.2d 745, 754 (Pa. 1998) (noting that it is not enough "that the defendant has acted with intent which is tortious or even criminal"). Being forced to meet without legal counsel is also not sufficiently atrocious or outrageous to state a

10

claim. Even though Harcum's campus security arrived to escort Gouda from campus grounds, there is no indication of any violence or threatening behavior on the part of the officers. Instead, the complaint alleges that Gouda left campus willingly and without incident after confirming that the officers would provide a statement indicating that Gouda cooperated with them. *See* Am. Compl. ¶¶ 28-29.

Courts have held that allegations similar to Gouda's do not state a claim for intentional infliction of emotional distress. *See, e.g., Britt v. Chestnut Hill Coll.*, 632 A.2d 557, 558, 561 (Pa. Super. Ct. 1993) (agreeing with trial court that student had not stated claim for intentional infliction of emotional distress even though teacher deliberately gave a student a poor grade and caused student not to graduate as scheduled).

I will dismiss Gouda's intentional infliction of emotional distress claims against all Defendants.

## IV. CONCLUSION

For the reasons above, I will grant Defendants' motion to dismiss in part and deny it in part. The breach of contract claims against Welliver and Ingersoll, and the violation of the Pennsylvania Rules of Professional Conduct claim against Ingersoll, will be dismissed. The negligent infliction of emotional distress claims and the intentional infliction of emotional distress claims against all Defendants will be dismissed as well. The remaining claims are adequately pled.

ANITA B. BRODY, J.

11

O:\ABB 2015\A - K\Gouda v. Harcum College Memorandum MTD 6.2.docx

Copies **VIA ECF** on _____ to:         Copies **MAILED** on _____ to: